Frazier, J.
The defendant in error moves to strike from the files the bill of exceptions, for the reason, that it was not presented to the defendant’s counsel for the inspection within the time limited by law. On March 16, 1894, the jury returned their verdict, and a motion for a new trial was filed the same day; and on April 28, 1894, an entry was made overruling the motion, and final judgment was rendered. On June 18, 1894, the bill of exceptions, as prepared by plaintiff’s counsel, was signed: “Wm. Chambers, as judge of said court and trial judge in said cause.” And upon the same sheet of paper with the above signature, and immediately thereafter, the following : “ This bill of exceptions was presented to counsel of defendant Hunt, on June 9, 1894, being two days after the expiration of forty days. That said counsel examined said bill, and returned same to counsel of exceptors June 11, without any objection. That the bill was then presented to the trial judge on the 12th day of June, when counsel for the defendant Hunt objected to the signing, upon the ground that it had not been presented to said counsel within the forty days. June 16,1894, Wm. Chambers, judge of said court, presiding.” The journal entry is: “ J. D. Taylor v. H. F. Hunt. The plaintiff this day presented to the court his certain bill of exceptions herein, which being found by the court to be true and correct, is allowed, signed and sealed, and on motion is hereby made a part of the record of this case, but not to be spread upon the journal.”
Counsel for plaintiff insist, that the authority of the trial fudge, was only to sign or refuse to sign the bill; and when he *423 signed the bill, his authority under the statute was exhausted ; that he could not qualify the act of signing by the added statement, and having attempted to do so, it should be treated as a nullity, and cite section 5302 of the Revised Statutes, as amended 89 Ohio Laws, 125; Heddleston v. Hendricks, 49 Ohio St. 297.
What constitutes the bill of exceptions in the case at bar ? Is it only that which precedes the first signature of the trial judge?
In Carlton v. Dustin, 10 Bull. 295, Hamilton County District Court, Smith, J., says: “ A preliminary question is raised by the defendant in error, that the bill of exceptions was signed more than thirty days after the end of the trial term. The statute requires that a party taking an exception to the action of the court during the trial, and desiring a bill of exceptions, must have it allowed and signed within thirty days after the end of the trial term, and an entry allowing it must be on the journal of that term.
“ By an inspection of the transcript, it appears that this bill of exceptions was signed and entered as of the trial term ; and the indorsement on the back of the bill of exceptions corresponds with the entry on the journal. But the defendant excepted to the signing of the bill of exceptions as therein stated, on the ground that at that time more than thirty days had expired after the end of the term, and the court could not make a nunc pro tunc entry of the signing or sign it after that time.
“There is appended to the bill of exceptions the statement of the plaintiff's objections, which is also signed by the trial judge as a second bill of exceptions, but the two' bills are together, and there is only one filing. If the court had no power to sign the bill of' exceptions as presented, it certainly had none to sign the appendix, for it was a part of the same bill. But there is another answer. What is appended to the bill of exceptions is not the finding of any facts by the court, but simply the statement of counsel of the reason why the bill of *424 exceptions ought not to be signed. There is no evidence either by way of affidavit, or otherwise showing that more than thirty days had elapsed; there is no finding of the court that such was the fact, and being simply the statements of the objections by counsel, it ought not to overcome the recital in the record which states that the bill of exceptions was duly signed, etc., as of the trial term.”
In Heddleston v. Hendricks, 49 Ohio St. 297, the cause was tried at the September term, 1891, of the Circuit Court, and judgment entered September 24, 1891. It was held under the statute then in force: “ Where the record of the trial court shows the allowance of forty days after the term at which judgment was rendered for the presentation and filing of a bill of exceptions, and the due allowance, signing and filing of the same within the forty days is also shown by the record and by the bill itself, evidence will not be heard in this court to show that the bill was not presented to the opposite counsel ten days before the expiration of the forty days, or to the judges five days prior thereto.”
Pugh, Judge v. State ex rel., 51 Ohio St. 116 (31 Bull. 194), holds : “ The provision of section 5302, Revised Statutes, (89 Ohio Laws, 125-6), that where exceptions are not allowed and signed during the progress of the trial, the party excepting shall submit the bill to the opposite counsel for examination not less than ten days before the expiration of said fifty days, is intended as a condition to the power of the trial judge, to sign a bill of exceptions within the fifty days mentioned in sections 5298, 5301 and 5302, and where the condition is not complied with, it is the duty of such judge, unless consent of opposite counsel be given, to refuse to sign and allow the bill.”
The circuit court for the Sixth Circuit, in Gibb v. Townsend, Receiver, ante, 9 Cir. Ct. Rep. 409, after citing Pugh v. State, supra, held : “ That a bill presented on the forty-second day after the overruling of the motion for new trial is not within the time, unless the opposite counsel consent to the *425 using of a part of the last ten days for the examination of the bill.”
Section 5302, Revised Statutes, as amended, 89 Ohio Laws',-125, provides : “If the exception be not true, then, after it is corrected, the trial judge, or a majority of the judges composing the trial court, must allow and sign it before the case proceeds ; or if the party excepting consents, within fifty days after the overruling of a motion for a new trial.” * * * *'
“Provided that where exceptions are not allowed and signed! during the progress of the trial, the-party excepting shall submit the bill of exceptions to the opposite counsel for examination not less than ten days before the expiration of said fifty days.”
In the ease at bar the record shows the plaintiff excepted to the overruling of the motion for a new trial, and on the forty-second day thereafter counsel for plaintiff submitted the bill of exceptions by them prepared to the counsel for defendant for examination ; and on the forty-fith day after the overruling of the motion for a new trial presented it to the trial judge.
It is but fair and reasonable to presume that the trial judge, when the bill of exceptions, as prepared, was presented to hiin for approval, found it to be not true; and after it was corrected by the added statement, signed the two as constituting the bill of exceptions, and not one as the bill of exeeptirons, - and the other as an explanation of the signing of the bill.
It is a well settled rule of construction that all separate writings, made at the same time, and relating to the same transaction are, in the eye of the law, as if embraced in one.
That portion of the bill of exceptions contained in the appendix, or after the first signature, is a statement and finding of facts, and in no way conflicts with or contradicts the journal entry or the other parts of the bill, and is to be construed as though the whole appeared with but one signature appended to the end thereof.
Under the holding in Pugh v. State, supra, that: “Where *426 the condition is not complied with it is the duty of such judge, unless consent of opposite counsel be given, to refuse to sign and allow the bill; how can it be claimed, if the trial .judge does sign without such consent, that the signing in violation ©f the statute, and against the objection of defendant’s counsel, will constitute a valid bill of exceptions, although the record itself discloses the fact that th.e bill-had not been presented to defendant’s counsel until after more than forty days had intervened since the overruling of the motion for a new trial.
The record does not present the question, that where a judge does an act which he is authorized to do, only when some other act had been done, or under some given state of facts, the law from the silence of the record, and the presumption in favor of the correctness of judicial proceedings, will presume that such other act had been done ; or the facts, without the existence or occurring, of which he could not lawfully do snch act, will be presumed to exist. But it is shown by the bill, and is consistent with the journal entry, that the bill was not presented to opposite counsel until the forty-second day after the overruling of the motion for a new trial.
As we understand the claim of plaintiff’s counsel, it is in effect, that because counsel for defendant did not object on the ninth day of June, when the bill was presented to them, nor on the eleventh day of June, when it was returned to counsel for plaintiff, it was a consent for the judge to allow and sign the bill; and that the objection made to the trial judge, when the bill was presented to him for his signature, can not avail the defendant.
Counsel for defendant suggest that an objection to plaintiff’s counsel would have no legal effect, but that so soon as thebill was presented to the trial judge, they did object, to him. The time within which the statute required the bill should be presented to opposite counsel had expired two days before it was presented to them. And it can not be said there was a course of action on the part of defendant’s counsel, calculated *427 to influence the conduct of plaintiff’s counsel in any way prejudicial to the rights of plaintiff. The act was not intended to influence the conduct of plaintiff’s counsel, or lead them to a line of conduct which would be prejudicial to the plaintiff’s interest, which I understand to be a definition of an estoppel in pais.
The motion is sustained, and the bill of exceptions stricken from the files.
After the motion to strike the bill of exceptions from the files was sustained, the case was argued and submitted on the claimed errors in the record, other than the so-called bill of exceptions.
The first claimed error is that the jury, by their verdict, found due the plaintiff twenty-nine dollars less than the defendant in his answer admitted to be due him. A statement of the pleadings so far as necessary to understand the question, is given.
The plaintiff, in his petition, claims he rented his hotel property for one year, from January 1, 1891, for the sum of seventeen hundred and ten dollars; payable in installments of $142.50 on the last day of each month during the term. That defendant occupied the premises until November 21, 1891, when the premises were destroyed by fire. That the rental was paid and settled for, including the rent for the month of August, except $36.50, due the plaintiff. That there is due the plaintiff on the rental, $421.25, subject to credits stated, aggregating $196.99, and asks for judgment for $224.26.
The defendant in his amended answer and cross-petition, admits the contract of rental, as claimed in the petition, and denies that there is due to plaintiff anything on account thereof, and denies any settlement or accounting; and by way of cross-petition, sets up an account for money paid plaintiff and for his use, and for boarding, lodging, and services rendered plaintiff and at his request. Said account, as stated in detail, consists of 130 items, one of which is as follows :
*428 “ May 31, boarding and lodging, J. D. Taylor and wife, 31 days, at $1,50 per day, $93.00.”
“Defendant now says a correct statement of the account between him and the plaintiff, for the use and occupation of said hotel premises and property, is as follows :
“ The plaintiff is entitled to credit for the rental value of said premises from January 1, 1881, to November 21, 1891, 10 months and 21 days, at $142.50 per month........$1,524.75
For value of stock in store-room of hotel, inventoried and taken by defendant, under agreement at invoice price.............................. 225.04,
By rebate from table board in month of May, by reason of absence.................................... 28.00.
By rebate for use of room, two nights during his absence.................................................. 1.00.
Total.................................$1,778.79.
“ Plaintiff is indebted as set forth in the foregoing details :
To cash payments.............................................$863.35.
To boarding, etc.,............................................. 670.50.
To provisions and household supplies.................... 15.50.
To expenditures for household goods, etc.,.............. 107.00.
To extra service and attention............................. 80.50.
To storage, as set forth....................................... 7 0.43.
Total..................................$1,807.28.
“And asks judgment against plaintiff for $28.49.”
The verdict of the jury is: “ We, the jury, find the amount due plaintiff, from defendant upon rent of hotel, $1,524.75, and upon store supplies, $225.04. Total, the sum of $1,749.-79. We find the same subject to credits and payments in the sum of $1,754.79, balance due in favor of defendant, $5.69.
“ W. F. Andrews, Foreman.”
Counsel for plaintiff insist that the jury erred in their verdict in this, that the defendant in his answer admits he owes the plaintiff $1,778.79, and the jury find he owes plaintiff but the sum of $1,749.79.
*429 The claimed error or discrepancy arises by the defendant in stating the account in his answer, charging in one item for boarding plaintiff-and his wife for the month of May, 31 days, and crediting plaintiff on the other side of the account with $29.00, for meals or table board he did not furnish them, and two nights he used their room by reason of their absence, during the same month, and is not the acknowledgment of the receipt of, or that he ever was indebted to or owed the plaintiff that sum. “The meaning of the pleader must be fairly ascertained, without regard to technical rules, from the whole pleading/’ Robinson v. Greenville, 42 Ohio St. 625. We find no error in this.
The journal entry made on the hearing of the motion for a new trial reads: “J. D. Taylor v. H. F. Hunt. This day came the parties by their attorneys, and this cause is submitted to the court upon the motion of the plaintiff to set aside the verdict of the jury, and for a new trial, and the court upon consideration, and being fully advised in the premises,.find that the aggregate amount of credits and payments stated in said verdict in favor of defendant is excessive in the sum of $15.91 ; said amount so found is reduced to that extent, making the aggregate sum $1,739.78, and said verdict is reformed so as to read $1,739.78, instead of $1,754.79, leaving a balance in favor of plaintiff of $10.91, and interest on the same, $1.30, aggregating $11.31 ; and thereupon the court does overrule said motion; to which ruling, plaintiff excepts. And to the action of the court in reforming said verdict, defendant excepts. It is therefore considered and adjudged by the court that plaintiff do recover of defendant said sum of $11.31; and that each party pay the costs by him severally incurred, taxed at $-.”
Counsel for plaintiff urge that there is error in the court reforming the verdict and overruling the- motion for a new • trial.
Before a reviewing court will reverse a judgment, it is necessary that it find not only that error has intervened, but that it is prejudicial to the party complaining.
*430 There is no issue as to the contract of rental the length of time the premises were occupied by the defendant, nor the price or total amount plaintiff should recover as rental. The issue, as raised between the petition and answer, is whether there had been an accounting, and ascertaining the amount due on the rental to August, 31, 1891, or not. And, as raised by the cross-petition and reply; as to the amount, if any, due upon the matters stated in it beyond credits given by plaintiff in his petition. The jury to render the verdict it did, must have found against the claim of plaintiff, that there had been a statement of their mutual accounts, and an amount agreed upon as the balance due plaintiff as rental prior to September, 1, 1891, as claimed in his petition.
“ The verdict is only required to respond to the issues in the case.”
“ If no counter-claim had been interposed, the intervention of a jury would have been unnecessary, and judgment Avould have gone for the plaintiff, for the amount of his demand as a matter of course. The amount due the plaintiff was rendered as certain by the admission, as it could have been by the verdict of a jury.” Brainard v. Dane, 26 Ohio St. 632.
As the jury found for the plaintiff all he claimed in his petition, the action of the court in reforming the verdict consists only in reducing the amount the jury foimd due the defendant on his claims against the plaintiff set up in his cross-petition.
As the evidence is not properly in the record, we can not look to it, and must presume the evidence warranted the action of the trial judge. And although the journal entry states the defendant objected to the reformation of the verdict, he is not now complaining of such action, but is presen t by counsel asking and insisting that the judgment upon the verdict as reformed be affirmed.
It is held in Douglas v. Day, 28 Ohio St. 175, “Where on motion for a new trial on the ground that the verdict is against the evidence, and the objection to the verdict is its excessive amount, and the amount is not such as necessarily to imply *431 the influence of passion or prejudice in the finding of the issue on a remittitur of such excessive amount, it is not. error to overrule the motion for a new trial.”
In Railroad Co. v. Hymrod Furnace Co., 37 Ohio St. 434, Johnson, J., says: “The court may, on error, examine the bill of exceptions and determine the amount the evidence tended to prove, and may on remittitur being entered, modify the judgment accordingly. In thus correcting the verdict of the jury its province is not usurped. * * * The verdict is erroneous in part, from a cause not affecting their action as to the other part. The error is easily ascertainable by looking into the evidence. By affirming the judgment as modified by the remittitur, it is reduced to the proper amount legally found by the jury.”
Whatever might be the rights of the defendant were he here complaining of the action of the court, the plaintiff is in no worse condition than he would be if the defendant had of his own motion entered a remittitur. We find no error in, this to the prejudice of the plaintiff.
The plaintiff claims there is error in rendering judgment, “that each party pay the costs by him severally incurred.”
The Revised Statutes provide, section 5348 : “ When it is not otherwise provided by statute, costs shall be allowed, of course, to the plaintiff, upon a judgment in .his favor in actions for the recovery of money only, or for the recovery of specific real or personal property.”
Section 5349. “ If it shall appear that a justice of the peace has jurisdiction of an action, and the same has been brought in any other court, and the judgment is less than one hundred dollars, unless the recovery be reduced below that sum by counter-claim or set-off, each party shall pay his own costs.”
In Brunaugh v. Worley, 6 Ohio St. 597, Swan, J., says: “ Where the plaintiff claims by his petition more than one hundred dollars, and the jury find his claim to exceed that sum, but it is by counter-claim or set-off allowed by the jury, *432 reduced to an amount less than one hundred dollars, the plaintiff is entitled to his costs.”
R. T. Scott and F. L. Bosemond, for plaintiff.
J. L. Locke and J. H. Troette, for defendant.
Beaton v. Bradford, 40 Ohio St. 106, was an action upon a promissory note, the making of which was admitted, but the defendant set up a counter claim exceeding the sum due on the note. Issue on the counter-claim was tried, resulting in allowing the defendant a sum, which, being credited on the note, left due the plaintiff $177.82, for which, and all costs, he recovered judgment. “Held, the judgment for costs in favor of the plaintiff was right.”
The verdict as reformed by the court is to be regarded as the verdict legally found by the jury, and from which the rights of the parties are to be ascertained and determined; which verdict finds, in effect, there is due plaintiff on the cause of action stated in his amended petition, the sum of $1,749.-79, which is reduced in the sum of $1,739.78, on account of the matters set forth by the defendant in his cross-petition, leaving due the plaintiff's balance of $10.01, and interest thereon, $1.30, making the sum of $11.30, for which a judgment is entered in favor of plaintiff.
The court of common pleas erred in adjudging that the plaintiff pay the costs by him incurred, and so far the said judgment is reversed, and in all other respects, the judgment of the court of common pleas is affirmed, and this court will render such judgment as the court below should have rendered, and adjudge that the plaintiff recover his costs expended in the court of common pleas.